

Christopher B. Gilbert
Partner

(713) 554-6744 - Office
(713) 583-7698 - Fax

cgilbert@thompsonhorton.com

Thompson & Horton LLP
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas  77027

January 29, 2026

**BY ELECTRONIC FILING**

The Honorable Lyle W. Cayce
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Room 115
New Orleans, LA 70130

  Re: Case No. 25-20125; *Barbers v. Rounds*; In the United States Court of Appeals for the Fifth Circuit; Supplemental Authority

Dear Mr. Cayce:

In accordance with Rule 28(j) of the Federal Rules of Appellate Procedure, Appellee Scott Rounds is submitting this letter to the circuit clerk, with a copy being sent to all parties, to provide notice of pertinent and significant authority not cited in their Brief.

Texas Senate Bill 11, which adds TEX. EDUC. CODE § 25.082, provides that a school board may, but is not required to, adopt a policy "requiring every campus of the district or school to provide students and employees with an opportunity to participate in a period of prayer and reading of the Bible or other religious text on each school day…." Students or employees wishing to participate must return a written consent form. *Id*. at § 25.082(b)(1). The policy must require that such meetings not occur "in the physical presence of, within the hearing of" students or teachers who have not returned such consent forms. *Id*. at § 25.082(d)(1).

The policy required by SB 11 must be adopted by March 1, 2026, and the requirements of Section 25.082(d)(1) only recently came to the attention of the undersigned. Although SB 11 was obviously passed after the incident that gave rise to this case, it was passed after *Kennedy v. Bremerton School District* was decided, and presumably constitutes the Texas Legislature's view on the proper application of *Kennedy* in analogous situations. While it may not be clear that SB 11's requirements would have directly applied to the See You at the Pole event at issue here, it is further evidence that the legal directives being given to school officials – here by the State of Texas – continue to stress concerns about allowing students and teachers to pray in the presence of others who have not affirmatively mandated their consent to be present for such activities, and that Scott Rounds' conduct did not violate the clearly established constitutional rights of Staci Barbers.



The Honorable Lyle W. Cayce
January 29, 2026
Page 2

Thank you for your consideration of this supplement. If you have any questions, or need any additional information, I can be reached at (713) 554-6744, or cgilbert@thompsonhorton.com.

                                      Very truly yours,

                                      Thompson & Horton LLP

                                      Christopher B. Gilbert

CBG/

cc:    Mr. Nathan Jeremiah Moelker                     *by electronic service*
        American Center for Law & Justice
        201 Maryland Avenue, N.E.
        Washington, DC 20002-5703