

| DISTRICT OF COLUMBIA | TENNESSEE | VIRGINIA |
|---|---|---|
| 201 Maryland Avenue NE | 625 Bakers Bridge Ave | 1000 Regent University Dr. |
| Washington, DC 20002 | St. 105-121 | Virginia Beach, VA 23464 |
| T: (202) 546-8890 | Franklin, TN 37067 | T: (757) 226-2489 |
| F: (202) 546-9309 | T: (615) 599-5572 | F: (757) 226-2836 |
|  | F: (615) 599-5180 |  |

January 29, 2026

The Honorable Lyle W. Cayce
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Room 115
New Orleans, LA 70130

**Re:  Case No. 25-20125;** *Barber v. Rounds*; **Response to Appellee's Rule 28(j) Letter**

Dear Mr. Cayce:

Appellee Staci Barber respectfully responds to Appellant Scott Rounds's January 29, 2026, supplemental authority letter regarding Texas Senate Bill 11 ("SB 11").[1]

The purpose of SB 11, which adds Tex. Educ. Code § 25.0823, is to require, should the school district elect to adopt such a policy, that every school campus "provide students *and* employees with an opportunity to participate in a period of prayer and reading of the Bible or other religious text on each school day." *Id.* at § 25.0823(a) (emphasis added). In other words, the new legislation would permit school employees and students to pray and read sacred texts *together*, so long as consent forms are signed and these gatherings are not "in the physical presence of, within the hearing of, or in another manner which would constitute an injury in fact within the meaning of the United States or Texas Constitution on a person for whom a signed consent form has not been submitted." *Id.* at § 25.0823(d)(1).

---

[1] Appellant did not include a copy of SB 11. Appellee does so here.

1

SB 11 does not supplement the facts or law in this appeal and is therefore irrelevant. First, Appellant correctly notes that SB 11 "was obviously passed after the incident that gave rise to this case" and "may not be clear that SB 11's requirements would have directly applied to the See You at the Pole event at issue here." These concessions are fatal to any relevance the statute might have.

Second, this legislation is far removed from the facts of this case, where Barber did not wish to pray with students but with other teachers—something Rounds categorically told Barber she could not do in the presence of students.

Third, even if SB 11 "presumably constitutes the Texas Legislature's view on the proper application of *Kennedy* in analogous situations," which of course is rank speculation, that is irrelevant to the qualified immunity issue on appeal in this case. Qualified immunity addresses whether the state actor violated a constitutional right and that the right was clearly established at the time of the violation. *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). As Appellant acknowledges, SB 11 was enacted well after the incident giving rise to Barber's complaint. Subsequent legislation—if legislation is even relevant—cannot retroactively clarify what was or was not clearly established law at the time of Rounds's directive to Barber. Whatever view the Texas Legislature may hold regarding *Kennedy v. Bremerton*, 597 U.S. 507 (2022), is immaterial to whether Rounds violated Barber's clearly established constitutional rights at the relevant time.

In short, SB 11 does not supplement the facts or law on appeal in this case and should play no role in this Court's adjudication of Rounds's qualified immunity appeal.

Thank you for your consideration.

Very truly yours,

/s/ Nathan J. Moelker
Nathan J. Moelker
*Counsel for Appellee*

cc: *Christopher B. Gilbert (by electronic service)*

2